# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JENFIFER MARTIN,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **KILOLO KIJAKAZI,** ) <br> **ACTING COMMISSIONER OF** ) <br> **SOCIAL SECURITY,**[1] ) <br> ) <br> **Defendant.** ) | Case No. CIV-20-605-AMG |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jennifer Martin ("Plaintiff") brings this action for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Doc. 1). The Commissioner has answered the Complaint and filed the Administrative Record ("AR"). (Docs. 13, 17). The parties have briefed their respective positions. (Docs. 23, 27, 28).[2] The parties have consented to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Docs. 15, 16). Based on the Court's review of the record and issues presented, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings.

---

[1] Kilolo Kijakazi is the Acting Commissioner of the Social Security Administration and is substituted as the proper Defendant. See Fed. R. Civ. P. 25(d).

[2] Citations to the parties' briefs refer to the Court's CM/ECF pagination. Citations to the Administrative Record refer to its original pagination.

## I. The Disability Standard and Standard of Review

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3). A medically determinable impairment must be established by "objective medical evidence" from an "acceptable medical source," such as a licensed physician or a licensed and certified psychologist; whereas the claimant's own "statement of symptoms, a diagnosis, or a medical opinion" is not sufficient to establish the existence of an impairment. 20 C.F.R. § 404.1521; *see also id.* §§ 404.1502(a), 404.1513(a), 416.902(a), 416.913(a). A plaintiff is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. § 404.1520, 416.920; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden-shifting process). To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is

engaged in any substantial gainful activity; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"),[3] whether the impairment prevents the claimant from continuing his past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). Plaintiff bears the "burden of establishing a prima facie case of disability under steps one, two, and four" of the SSA's five-step procedure. *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005). If the Plaintiff makes this prima facie showing, "the burden shifts to the Commissioner to show the claimant has the [RFC] to perform other work in the national economy in view of her age, education, and work experience." *Id*. "The claimant is entitled to disability benefits only if he is not able to perform other work." *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

This Court's review of the Commissioner's final decision is limited "to determin[ing] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Comm'r, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "It means – and means only – such relevant evidence as a reasonable

---

[3] RFC is "the most [a claimant] can do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a)(1).

mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal quotation marks and citation omitted). A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). While the Court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

**II.     Procedural History**

On June 20, 2018, Plaintiff filed applications for DIB and SSI, alleging a disability onset date of February 20, 2018. (AR, at 56, 57). The SSA denied the applications initially and on reconsideration. (*Id.* at 126, 130, 138, 144). An administrative hearing was then held on August 23, 2019. (*Id.* at 33-55). The Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled. (*Id.* at 7-26). The Appeals Council denied Plaintiff's request for review. (*Id.* at 1-6). Thus, the ALJ's decision is the final decision of the Commissioner. *Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009); 20 C.F.R. § 404.981.

**III.   The Administrative Decision**

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 20, 2018, the alleged onset date.  (AR, at 12).  At Step Two, the ALJ determined Plaintiff suffers from the severe impairments of degenerative disc disease of the lumbar spine, chronic obstructive pulmonary disease (COPD), asthma, obesity, anxiety disorder, and major depressive disorder.  (*Id*. at 13).  At Step Three, the ALJ found Plaintiff's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1.  (*Id.*)  The ALJ then determined that Plaintiff had

> the [RFC] to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant can lift and/or carry up to 10 lbs occasionally and frequently; can no more than frequently climb, stoop, kneel, crouch, and crawl.  The claimant should avoid concentrated exposure to dust, odors, fumes, and other pulmonary irritants.  The claimant can perform 1 through 4-step tasks and instructions.  The claimant can have occasional contact with the general public.

(*Id.* at 15).  At Step Four, the ALJ found Plaintiff could not perform any past relevant work.  (*Id.* at 19).  At Step Five, the ALJ relied on the testimony of a vocational expert ("VE") and found that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as addressing clerk, document preparer, and table worker.  (*Id.* at 20).  Therefore, the ALJ concluded that Plaintiff was not disabled for purposes of the SSA.  (*Id.* at 21).

**IV.   Issues Presented for Judicial Review**

Plaintiff contends that the ALJ erred by (1) not considering Plaintiff's use of a nebulizer, and (ii) engaging in impermissible cherry-picking of the evidence when evaluating Plaintiff's subjective complaints and objective evidence.  (Doc. 23, at 7-20).

Plaintiff further asserts the ALJ erred by not incorporating the limitations given by the non-examining state agency psychologists. (*Id.* at 21-25).

V.  **Analysis**

    A.  **The ALJ Committed Reversible Error by Not Considering Plaintiff's Use of a Nebulizer.**

Plaintiff contends the ALJ erred in formulating the RFC because he did not consider Plaintiff's use of a nebulizer as treatment for her COPD and asthma. (*Id.* at 7-11). The Court agrees.

The ALJ found that Plaintiff had the severe impairments of COPD and asthma. (AR, at 13). In formulating the RFC, the ALJ acknowledged that Plaintiff received treatment for these conditions (*id*. at 16, 18), and included related limitations in the RFC, stating that Plaintiff "should avoid concentrated exposure to dust, odors, fumes, and other pulmonary irritants." (*Id*. at 15).

Plaintiff testified to using a nebulizer three times per day for 20 minutes at a time. (*Id*. at 50). She stated that she had been using it since sometime between 2008 and 2010. (*Id.*) There is evidence in the record to support Plaintiff's testimony. (*Id*. at 369, on April 16, 2018, Dr. Catrina Bourne noted that Plaintiff had a nebulizer "but does not have any insurance or regular medications for this" and was "purchasing inhalers from other people when she can"); (*id*. at 430, on October 9, 2018, Plaintiff experienced loss of consciousness after "finishing an albuterol treatment"); (*id.* at 367, 397, 405, noting current prescriptions of aerosol solutions and powders). However, the ALJ's decision did not acknowledge

Plaintiff's testimony regarding the nebulizer or explain whether or how the ALJ considered or rejected her alleged nebulizer use.

The Court is persuaded that remand is appropriate because this case falls under the Tenth Circuit's precedent in *Klitz v. Barnhart*, 180 F. App'x 808 (10th Cir. 2006). In *Klitz*, there was testimony and record evidence that the plaintiff used a nebulizer to treat her severe chronic obstructive lung disease. *Id*. at 809-10. The RFC stated that plaintiff "cannot work in environments where she would be exposed to dust." *Id*. at 809. The Court held that "[i]n making an RFC finding when, as here, a medically determinable impairment imposes environmental restrictions, an ALJ must consider any resulting limitations and restrictions that may affect other work-related abilities and reduce a claimant's ability to work." *Id*. at 810 (citing 20 C.F.R. § 416.945(d)). The Court remanded because the ALJ did not consider the "effect [a nebulizer] might have on the [plaintiff's] ability to work," specifically whether the plaintiff's nebulizer was portable or whether her use occurred at predictable intervals that would fit into a normal work schedule. *Id*. As in *Klitz*, the ALJ in this case imposed environmental restrictions in the RFC based on Plaintiff's asthma and COPD, but did not discuss the evidence regarding her use of a nebulizer. Thus, remand is required.

Remand is also consistent with lower courts' applications of *Klitz*. *See Knudtson v. Comm'r of SSA*, 2020 WL 5761073, at *3 (E.D. Okla. Sept. 28, 2020) ("remanded for further consideration of the effect Claimant's frequent use of a nebulizer for breathing treatments would have on her ability to perform work"); *Prather v. Astrue*, 2010 WL 3731184, at *3 (W.D. Okla. Sept. 8, 2010) (remanding when ALJ "did not include use of

7

the nebulizer in his hypothetical question to the VE" and omitted "any resulting restrictions in his RFC"); *Tennyson v. Astrue*, 2011 WL 1298961, at *7 (N.D. Okla. Mar. 31, 2011) (reversing when the ALJ did not consider (1) whether the plaintiff's condition "would have allowed for the use of a portable nebulizer to accommodate plaintiff's work away from the home," (2) "the extent it was medically necessary for plaintiff's use of the nebulizer and whether use of the nebulizer could occur prior to, during established breaks, [or] after work to treat his condition," (3) "whether plaintiff's asthma could be controlled through the use of an inhaler, rather than [a] nebulizer," and (4) whether, even assuming plaintiff's use of the nebulizer was medically necessary . . . , [plaintiff's] use would have altered the RFC in any event"). Accordingly, on remand, the ALJ must consider and discuss Plaintiff's testimony and record evidence regarding her use of the nebulizer, determine whether such testimony and evidence does or does not affect the RFC, and question the VE accordingly.

      **B.**     **The Undersigned Does Not Reach the Remaining Issues.**

The analysis on remand may be affected by the ALJ's consideration of Plaintiff's use of the nebulizer. Thus, the undersigned does address Plaintiff's remaining arguments. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

## VI. Conclusion

For the reasons discussed above, the Court **REVERSES** the decision of the Commissioner and **REMANDS** the matter for further proceedings.

ENTERED this 7th day of March, 2022.

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE